**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| MARCELL BELL<br>402 King Farm Boulevard, Suite 125<br>PMB 214<br>Rockville, MD 20850<br><br>    Plaintiff<br>v.<br><br>FAIR COLLECTIONS & OUTSOURCING, INC.<br>Suite 400<br>6931 Arlington Road<br>Bethesda, MD 20814<br><br>    Serve: Resident Agent Stanley R. Jones<br>              Suite 900<br>              6010 Executive Boulevard<br>              Rockville, MD 20852<br><br>And<br><br>MIDATLANTIC NORTHEAST RS, INC. D/B/A<br>TRAMMELL CROW RESIDENTIAL SERVICES<br>Suite #1200, LB128<br>717 N Harwood Street<br>Dallas, Texas 75201-6538<br><br>    Serve: State Department of<br>              Assessments and Taxation<br>              301 West Preston Street<br>              Room 801<br>              Baltimore, MD 21201 | *<br>*<br>*<br>*<br>*  Case Number:<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**

MARCELL BELL, Plaintiff, through undersigned counsel, sue the Defendants, FAIR COLLECTIONS & OUTSOURCING, INC. and MIDATLANTIC NORTHEAST RS, INC. D/B/A TRAMMELL CROW RESIDENTIAL SERVICES, and further states:

**Parties**

1. Plaintiff is a resident of Montgomery County, Maryland.

2. Defendant, FAIR COLLECTIONS & OUTSOURCING, INC. ("Fair Collections"), is a corporation which, among other things, engages in the business of debt collection in the State of Maryland. Defendant, Fair Collections, is, upon information and belief, a Maryland Corporation.

3. Defendant, MIDATLANTIC NORTHEAST RS, INC. D/B/A TRAMMELL CROW RESIDENTIAL SERVICES ("Trammell"), is a corporation, which, among other things, engages in the business of residential property leasing and management in the State of Maryland. Defendant, Trammell, is, upon information and belief, a Texas Corporation.

**Jurisdiction**

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1332.

5. In approximately 2002 Plaintiff entered into an Apartment Lease agreement with Trammell pertaining to real property and improvements located at 555 Elmcroft Boulevard, unit 11205 which called for monthly payments to be made by Plaintiff to Defendant. Plaintiff changed his unit and executed an accompanying lease to 555 Elmcroft Boulevard, unit 11302 on or about November 1, 2003. All of Plaintiff's obligations under these leases were paid in full.

6. Plaintiff subsequently signed a lease for and relocated to 112 Ridgemont Avenue on or about November 1, 2004. At the point he did so he was no longer occupying any other unit leased to him by Trammell. The 112 Ridgemont Avenue lease expressly stated at paragraph 38 (e) "This Lease contains the final and entire agreement between the parties hereto, and neither they nor their agents are bound by any terms, conditions, statements, warranties or representations, oral or written, not herein contained…." See Apartment Lease Agreement as

attached "Exhibit A".

7. Due to the existence of the aforementioned merger clause, if Plaintiff had any existing obligations under any prior leases, they were terminated by operation of this lease. The leases for 555 Elmcroft Boulevard, 11205 and 555 Elmcroft Boulevard, 11302 were both signed before the lease for 112 Ridgemont Avenue.

8. Claiming outstanding obligations past due on 555 Elmcroft Boulevard, unit 11205 and 555 Elmcroft Boulevard, unit 11302, Defendant Trammell falsely reported to credit reporting agencies and collection agencies that Plaintiff had not made payment to it pursuant to the provisions of its apartment lease agreement with Plaintiff. It continued to do this despite the fact that its erroneous communications were brought to its attention by Plaintiff and Plaintiff's counsel who provided it with full documentation of its errors.  See attached "Exhibit B".

9. Defendant Fair Collections who, at all times relevant to this action, was an agent of Defendant Trammell operating within the scope of its agency communicated inaccurate information concerning Plaintiff's credit to credit reporting agencies and violated applicable law by reporting this information.  Defendants Trammell and Fair Collections also failed to properly investigate or reinvestigate the accuracy of the inaccurate information when requested to do so by consumer reporting agency(ies) and/or Plaintiff.

10. Plaintiff has sustained damages including, but not limited to, damage to his credit reputation and standing, attorney's fees and costs of litigation.

## COUNT I

### (BREACH OF CONTRACT)

11. Plaintiff repeats and realleges all allegations contained in paragraphs 1 through 10 of

this Complaint and incorporates same herein by reference.

12.  Defendant Trammell failed to credit Plaintiff for payments he made to it. Defendant Trammell demanded payment it was not entitled to from Plaintiff.  Defendant Trammell also improperly placed inaccurate information on Plaintiffs' credit report(s).  The foregoing actions among others described above constitute a breach of contract between the parties.

WHEREFORE, Plaintiffs prays that this Honorable Court enter judgment for Plaintiff and against Defendants Trammell and Fair Collections in the amount of TWO HUNDRED THOUSAND DOLLARS AND NO CENTS ($200,000.00), plus costs and attorney's fees as damages for breach of contract.

## COUNT II

### (DEFAMATION)

13.  Plaintiff repeats and realleges all allegations contained in paragraphs 1 through 12 of this Complaint and incorporates same herein by reference.

14.  That the negative reporting of information concerning Plaintiff's credit history by Defendants Trammell and Fair Collections was false and defamatory and made without license or privilege.

15.  That the said defamatory communications were intentionally and maliciously made with the intent to injure Plaintiff.

16.  Alternatively, said communications were negligently made.

17. The actions by Defendant Trammell's and Defendant Fair Collections were performed outside the scope of public duties or were performed within the ambit of public duties but were performed with malice or gross negligence

18. The actions of Defendant Trammell's and Defendant Fair Collections were performed with willful and wanton disregard for the rights of the Plaintiff.

20. As a result of the false and defamatory statements published by Defendants Trammell and Fair Collections, the character and reputation of Plaintiff was harmed and he suffered mental anguish and personal humiliation.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment for Plaintiff and against Defendants Trammell and Fair Collections in the amount of TWO HUNDRED THOUSAND DOLLARS AND NO CENTS ($200,000.00), plus costs and attorney's fees as damages for defamation.

## COUNT III
### (FAIR CREDIT REPORTING ACT)

21. Plaintiff repeats and realleges all prior allegations contained herein and incorporates same herein by reference.

22. That the Plaintiff made a written notification of a billing error to Defendant Trammell and Defendant Fair Collections.

23. That the Defendant Trammell and Defendant Fair Collections failed to properly acknowledge notice of this billing error, failed to conduct a reasonable investigation into this billing error, improperly attempted to collect payment from the Plaintiff and improperly made an adverse report about Plaintiff's credit.

24. That the placing of inaccurate billing information on Plaintiff's monthly billing statements; the placing of false and derogatory information on Plaintiff's credit report; the failure of Defendant Trammell and Defendant Fair Collections to properly investigate or reinvestigate

information supplied to credit reporting agencies and upon investigation or reinvestigation, supply correct information to that credit reporting agency and others; and the failure to follow statutorily mandated billing procedures constitute a violation of the Fair Credit Reporting Act, 15 USC § 1681 *et seq*. and other laws and regulations pertaining thereto.

25.  That Plaintiff is entitled to an award of statutory damages by virtue of Defendant's Trammell and Fair Collections conduct in violation of the Fair Credit Reporting Act.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment for Plaintiff and against Defendants Trammell and Fair Collections in the amount of TWO HUNDRED THOUSAND DOLLARS AND NO CENTS ($200,000.00), plus costs and attorney's fees as damages for violation of the Fair Credit Reporting Act.

## COUNT IV

### (UNFAIR AND DECEPTIVE TRADE PRACTICES)

26.  Plaintiff repeats and realleges all prior allegations contained herein and incorporate same herein by reference.

27.  That the contract between Plaintiff and Defendant Trammell is governed by the Consumer Protection Act §13-101 et seq. of the Annotated Code of Maryland, Commercial Law Article.

28.  That the actions and omissions of Defendant Trammell constitute unfair and deceptive trade practices and violate the Consumer Protection Act, §13-301 et seq. of the Annotated Code of Maryland, Commercial Law Article.

29.  That Plaintiff is entitled to reasonable attorney's fees pursuant to the Annotated Code of Maryland, Commercial Law Article §13-408(b).

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment for Plaintiff and against Defendant Trammell in the amount of TWO HUNDRED THOUSAND DOLLARS AND NO CENTS ($200,000.00), plus costs and attorney's fees as damages for violation of the Maryland Consumer Protection Act.

## COUNT V

(**INJUNCTIVE RELIEF**)

30.  Plaintiff repeats and realleges all prior allegations contained in this Complaint and incorporates same herein by reference.

31.  Unless Defendant Trammell and Defendant Fair Collections is enjoined by this Court from continuing to inaccurately publish and report inaccurate information concerning Plaintiff's payment history and account balance, Plaintiff will suffer grave, immediate, substantial, and irreparable injury which cannot be adequately remedied solely by an action at law for damages.

WHEREFORE, Plaintiff respectfully request that, after a determination of the merits in this action, this Honorable Court issue an Injunction enjoining Defendants from reporting or publishing inaccurate information concerning Plaintiffs' payment history and current account balance and mandating that Defendants take steps to insure the removal of inaccurate information previously reported.

Respectfully submitted,

/s/ Christopher R. Wampler_____
Christopher R. Wampler       #05461
Attorney for Plaintiff
The Wampler Law Firm, LLC
One Central Plaza
11300 Rockville Pike, Suite 610
Rockville, MD 20852
Phone: (301) 881-8895
Fax: (301) 881-8896